**UNITED STATES of America**

v.

**Gregory J. PODLUCKY, Appellant**

**No. 17-1569**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 May 25, 2017

(Opinion filed: June 7, 2017)

Rebecca R. Haywood, Esq., Office of
United States Attorney, Pittsburgh, PA,
for Plaintiff-Appellee

Gregory J. Podlucky, Pro Se

Before: MCKEE, JORDAN and
RESTREPO, Circuit Judges

OPINION *

PER CURIAM

In October 2011, after he pleaded guilty
to tax evasion and other federal crimes,
Gregory J. Podlucky was sentenced to 20
years of imprisonment. In February 2017,

Podlucky filed a motion arguing that he
never received a downward adjustment under U.S.S.G. § 3E1.1(a) ("If the defendant
clearly demonstrates acceptance of responsibility for his offense, decrease the offense
level by 2 levels."). The premise of the
motion was factually false. Cf. DC Crim.
No. 2:09-cr-000278-001, ECF 36 at ¶¶ 6,
32, 55-59 (Final PSI Report); ECF 43 (order adopting the PSI except as to loss
amount). And the motion was otherwise
without merit because Podlucky's plea
agreement capped his maximum sentencing exposure well below any potentially
applicable Guidelines range. See ECF 44
at 7 (Podlucky: "the advisory range should
not be considered (because of the 20 year
cap)"). Essentially for those reasons, the
District Court denied Podlucky's motion.
This appeal followed. We will summarily
affirm the order of the District Court because Podlucky's motion was procedurally
improper and the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4;
I.O.P. 10.6.[1]

---

\* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1.  A motion under 28 U.S.C. § 2255 is the
    exclusive means to collaterally attack a federal conviction or sentence. Podlucky, as part of
    his plea agreement, waived his right to file
    either a direct appeal or a motion under
    § 2255. Podlucky's past efforts to do what his
    plea agreement says he may not all have failed. See, e.g., CA No. 15-1501 (order entered Aug. 14, 2015); CA Nos. 11-4087, 11-4088 & 11-4089 (order entered May 24, 2012). Here, the District Court was without authority to entertain the merits of Podlucky's motion to alter his sentence not just because of the collateral attack waiver, but also because of the restrictions on successive § 2255 motions. See 28 U.S.C. § 2255(h).